## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-03-58-M |
| ) | |
| DARCY EARL SWEARINGEN, ) | |
| ) | |
| Defendant. ) | |

### ORDER

On August 12, 2004, defendant Darcy Earl Swearingen filed a Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g). In that motion, defendant moved the Court for the return of his and his mother's property, which was seized from the rental truck he was driving on January 25, 2003, when he was stopped and subsequently arrested. On December 2, 2004, the Court appointed counsel to represent defendant in these proceedings. On April 29, 2005, the Court conducted an evidentiary hearing regarding defendant's motion for return of property. At the hearing, the government presented evidence that it no longer had the property at issue and that it was unknown what happened to the property.

On May 5, 2005, the Court issued an order granting defendant's motion for return of property and finding that the government should pay defendant for the value of the property at issue. The Court further directed defendant to submit to the Court an appraisal of the value of the property, the government to file a response, and defendant to file a reply. The parties have filed their submissions with the Court.

On July 5, 2005, the United States Court of Appeals for the Tenth Circuit issued an opinion in *Clymore v. United States*, 415 F.3d 1113 (10th Cir. 2005). In *Clymore*, the Tenth Circuit held that sovereign immunity bars monetary relief in a Rule 41(g) proceeding when the government no longer

possesses the property at issue. *Id.* at 1120. In light of *Clymore*, and because it is undisputed that the government no longer possesses the property at issue, the Court finds that sovereign immunity bars defendant's claim.[1]

Accordingly, the Court VACATES its May 5, 2005 Order granting defendant's Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g) and DISMISSES defendant's Rule 41(g) motion [docket no. 97] for lack of subject matter jurisdiction. Additionally, in light of the above, the Court DENIES AS MOOT defendant's Pro Se Motion for Leave of Court to File a Supplemental Reply [docket no. 137].

**IT IS SO ORDERED this 14th day of April, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1] The Court asserts no opinion on whether other forms of relief are available to defendant.